## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**DOMINIC MOYA**

**Petitioner,**

**vs.**                                              **NO. CIV-11-81 WJ/WDS**

**UNITED STATES OF AMERICA**

**Respondent**


### MAGISTRATE JUDGE'S PROPOSED FINDINGS
### AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Petitioner Dominic Moya's ("Petitioner")

Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal

Custody ("Motion") filed on January 21, 2011, [Doc. No. 1],  the United States of America's

("Respondent") Response filed March 21, 2011 [Doc. No. 6], and Petitioner's Reply filed April 22,

2011 [Doc. No. 11].  Having reviewed the Motion, the Response, the Reply, the record, and the law,

this Court recommends that Petitioner's Motion be denied.

### CLAIMS

Reading Petitioner's *pro se* Motion liberally, *see Price v. Philpot,* 420 F.3d 1158, 1162 (10th

Cir. 2005), Petitioner raises the following two claims: (1) ineffective assistance of counsel because

Petitioner's counsel did not negotiate a conditional plea so that Petitioner could retain the right to

appeal the denial of the issues in his suppression hearing, and (2) ineffective assistance of counsel

because Petitioner's counsel failed to implement Amendment 651[1] into Petitioner's Plea Agreement.

---

[1]Petitioner refers to Amendment 651 of the Sentencing Guidelines, and cites *United States v. Darton*, 595 F.3d 1191 (10th Cir. 2010).  *Darton* discusses the application of Amendment 701, not Amendment 651.  But it is apparent to the Court that Petitioner is arguing

Petitioner further requests an evidentiary hearing and discovery of certain documents for use in the requested evidentiary hearing.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 26, 2009, a federal grand jury returned a three-count indictment charging Petitioner with violations of 18 U.S.C. §§922(g)(1) and 924(a)(2) (Felon in Possession of a Firearm and Ammunition); 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Possession with Intent to Distribute five grams and more of Cocaine Base); and 18 U.S.C. §924(c)(1)(A)(I) (Carrying and Possessing a Firearm During and in Relation to and in Furtherance of a Drug Trafficking Crime). Document 4.[2] On April 9, 2009, Petitioner was arrested pursuant to a federal arrest warrant. On August 21, 2009, a hearing was held on Petitioner's Motion to Suppress Evidence, and the Motion was denied on the same day. Documents 36, 37. On January 11, 2010, pursuant to an agreement with the government, Petitioner entered a Rule 11(c)(1)(c) guilty plea by pleading to Count 2 of the three-count indictment, Possession with Intent to Distribute five grams and more of Cocaine Base. Document 50. On April 12, 2010, the federal district court, pursuant to the Rule 11(c)(1)(c) Plea Agreement, sentenced Petitioner to 180 months imprisonment and four years supervised release. Document 52. On January 21, 2011, Petitioner filed a Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Doc. No. 1].

## APPLICABLE LAW

Both of Petitioner's claims allege ineffective assistance of counsel. The merits of an

---

that his attorney should have obtained a downward departure, thereby lowering his guideline range to 168-210 months.   Guideline ranges and departures apply to plea agreements under Fed. Rule Crim. Proc. 11(c)(1)(A) and (B).  Petitioner was sentenced under Rule 11(c)(1)(C)

[2]All references to "Document" are referencing documents filed in No. 09-CR-761 WJ.

ineffective assistance of counsel claim are governed by *Strickland v. Washington,* 466 U.S. 668 (1984).  In *Strickland*, the Supreme Court devised a two-step inquiry to determine whether an attorney's performance deprived an accused of his Sixth Amendment right to assistance of counsel. In order to establish an ineffective assistance claim, the petitioner must show that counsel's performance was deficient, and that the deficient performance prejudiced his defense. *See Foster v. Ward,* 182 F.3d 1177, 1184 (10th Cir. 1999).  To establish deficient performance, Petitioner must show that his attorney made "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," *Williams v. Taylor,* 529 U.S. 362, 390 (2000) (*quoting Strickland v. Washington*, 466 U.S. at 687), and that his legal representation fell below an objective standard of reasonableness. *Strickland v. Washington,* 466 U.S. at 688. In attempting to establish that counsel's representation was "objectively unreasonable," Plaintiff must show that counsel's conduct was "completely unreasonable, not merely wrong." *Moore v. Gibson*, 195 F.3d 1152, 1178 (10th Cir. 1999). "Petitioner must overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 688-689; *see Bullock v. Carver*, 297 F.3d 1036, 1046-1047 (10th Cir. 2002) (discussing strong presumption of reasonableness).

    In the guilty plea context, to establish prejudice, a modified version of the *Strickland* test applies. That is, a Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *United States. v. Silva,* 430 F.3d 1096, 1099 (10th Cir. 2005). A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington,* 466 U.S. at 694. A Petitioner's mere assertion that he would have opted for trial is not enough to satisfy the prejudice prong. *United States v. Clingman*, 288 F.3d 1183, 1186

(10th Cir. 2002).   Rather, the Court looks "to the factual circumstances surrounding the plea to determine whether [petitioner] would have proceeded to trial." *Id.* (citation omitted). Because the *Strickland* test is two-pronged, if either prong is not met, it is unnecessary to discuss the other. *See Hill*, 474 U.S. at 60.

To the extent that Petitioner may be alleging that his plea was involuntary, the Due Process Clause of the Fourteenth Amendment requires that a defendant's plea of guilty be entered intelligently and voluntarily.   *See Boykin v. Alabama*, 395 U.S. 238, 242 (1969).   Under clearly established United States Supreme Court precedent, the test for determining the  validity of a guilty plea is "whether the plea  represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. at 56 (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)).   During a  plea hearing, representations made by the defendant, his lawyer, and the prosecutor, as well as any findings made by the judge accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings.   Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977).

## ANALYSIS

Claim One: Ineffective Assistance of Counsel Because Petitioner's Counsel Failed to Negotiate a Conditional Plea so that Petitioner Could Retain the Right to Appeal the Denial of the Issues in his Suppression Hearing.

Under the provisions of the Plea Agreement signed by Petitioner, Count 1 and Count 3 of the indictment were dismissed and Petitioner pled guilty to Count 2.  Petitioner agreed to a sentence of 180 months, and he agreed not to seek a downward departure, variance, or deviation of any kind from the agreed-upon sentence.   Petitioner also agreed to waive his right to appeal his conviction and the sentence imposed. Document 50. Petitioner claims that his counsel was ineffective because he did not pursue the possibility of negotiating a conditional plea on behalf of Petitioner whereby

4

Petitioner would retain the right to appeal the results of his suppression hearing. Petitioner alleges that he requested his attorney to appeal the court's decision in his suppression hearing but that his attorney told him to plead guilty because there were no other avenues available to him. Petitioner acknowledged that he could not enter into a conditional plea without the consent of both the government and the Court.

Mere conclusory statements are insufficient to state a claim for ineffective assistance of counsel. *United States v. Fisher,* 38 F.3d 1144, 1147 (10th Cir. 1994). *See also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim). Petitioner fails to provide any facts to support his conclusory statements outlined above. Petitioner merely states that his attorney should have pursued a conditional plea. Petitioner offers no factual support how under the circumstances of his case, his attorney's actions fell below an objective standard of reasonableness or how the alleged omission was "outside the wide range of reasonable professional assistance."*See Strickland*, 466 U.S. at 687, 690. Petitioner admits that a conditional plea requires the approval of both the government and the Court, but supplies this Court with no facts to indicate that approval would have been forthcoming from either. Furthermore, Petitioner does not allege what benefits of a different agreement he would have accepted if a conditional plea were approved. Petitioner certainly cannot be implying that the benefits he derived under the current Plea Agreement would have remained the same if the plea were conditional.

Because Petitioner has not shown that his attorney's conduct was objectively unreasonable, he has failed to satisfy the first prong of the *Strickland* test. Accordingly, it is unnecessary for the Court to reach the second prong regarding prejudice. *See Hill*, 474 U.S. at 60. However, this Court notes that Petitioner makes no showing that he would have pleaded guilty and would have insisted

on going to trial. *See Hill*, 474 U.S. at 59; *United States v. Salazar*, 323 F.3d 852, 857 (10th Cir. 2003). Petitioner does not even assert that he would have opted for trial much less provide facts to support such an assertion. *See United States v. Clingman*, 288 F.3d at 1186. Furthermore, in considering the Plea Agreement, this Court finds that the benefits of the agreement support the belief that Petitioner would not have chosen to go to trial. Petitioner's potential exposure if he had proceeded to trial on all three counts of the indictment was 322 to 387 months. PSR ¶¶ 73, 74. Under the plea agreement, he received only 180 months. Additionally, Petitioner had the potential of serving an additional ten or more years on pending state court charges and probation violations, and the state agreed to suspend any exposure to these charges and violations. Document 71, p. 4. These facts support this Court's belief that Petitioner would not have chosen to go to trial. For these reasons, Petitioner also fails to meet the second prong of the *Strickland* test.

To the extent Petitioner may be alleging that his plea was involuntary, Petitioner's conclusory allegation that his attorney told him that there were no other avenues to pursue other than to plea is insufficient to overcome the following statements made by him during the plea hearing and in the Plea Agreement as well as the findings made by the Judge accepting the plea. *See Blackledge v. Allison,* 431 U.S. at 73-74. Petitioner appeared before the United States Magistrate Judge at the plea hearing of January 11, 2010, in which the Petitioner verbally pleaded to possessing with intent to distribute five grams and more of cocaine base crack/cocaine. Document 64, p. 10. Upon questioning, Petitioner represented to the Court that he had enough time to read and understand his plea; that he understood that he had the right to plead not guilty; that he understood that he was giving up his right to a trial, to present a defense, to cross-examine witnesses; that no one threatened him or coerced him to plead guilty; that no promises were made other than those in the agreement; that he had enough time to review the plea agreement with his

6

attorney and was satisfied with his attorney's representation; that he was pleading guilty voluntarily because he was guilty; that there was nothing that would prevent him from understanding the contents of the plea; that he understood the penalties; and that he thoroughly discussed the fact that he was waiving appeal rights with his attorney and that he understood what he was waiving. Document 64. The Court accepted Petitioner's plea, finding that  Petitioner was fully competent and capable of entering an informed plea and that he was aware of the nature of the charges and the consequences of the plea and that the plea was knowing and voluntary. *Id.*  This Court notes that Petitioner was comfortable enough to raise an issue with the Court during the plea hearing when he challenged the accuracy of one of his admission of facts. Document 64, pp. 8-9.  However, Petitioner chose not to raise his contention that his attorney should have pursued a conditional plea even though Petitioner admits in his Reply that he had questioned his attorney about appealing the suppression hearing prior to his entering into the Plea Agreement. [Doc. No. 11, p.3].

In addition, the Plea Agreement which Petitioner signed states, *inter alia*, that Petitioner thoroughly reviewed all aspects of the case with his attorney and was fully satisfied with his attorney's representation; that he agreed to waive certain rights; that he agreed to not seek a downward departure from the agreed-to sentence; that he was guilty of the offense; and that he knowingly waived the right to appeal his conviction and imposed sentence; and that his plea of guilty was freely and voluntarily made and not the result of force, threats, or promises. Document 50.

Petitioner's conclusory allegation fails to establish an involuntary plea because even if any deficiency existed, it was obviated by the statements agreed to by Petitioner in the Plea Agreement and by the exhaustive steps taken by the Magistrate Judge to apprise Petitioner of the plea, of the consequences of his plea, and also by statements made by Petitioner.  *See, e.g., Worthen v.*

7

*Meachum,* 842 F.2d 1179 (10th Cir. 1988), *overruled on other grounds, Coleman v. Thompson,* 501 U.S. 722 (1991).

Furthermore, Petitioner's claim that his plea was involuntary because he signed the plea agreement because his attorney told him there were no other avenues to pursue is without merit. If Petitioner's attorney told Petitioner that there were no other avenues to pursue, that statement was more than likely true because after Petitioner's suppression hearing was denied, the trial would have proceeded if Petitioner did not enter into a plea agreement. Any appeal of the suppression hearing would not occur until the trial was completed. Accordingly, by making this statement, Petitioner's attorney was being objectively reasonable. This Court finds that Petitioner voluntarily and intelligently entered into the Plea Agreement. *See Hill v. Lockhart*, 474 U.S. at 56 (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)).

Petitioner's first claim under ineffective assistance of counsel fails because Petitioner did not establish that his counsel's conduct was objectively unreasonable or that prejudice existed and because Petitioner did not establish that his plea was involuntary. Therefore, this Court recommends that habeas corpus relief be denied on Petitioner's first claim for ineffective assistance of counsel.

<u>Claim Two: Ineffective Assistance of Counsel Because Petitioner's Counsel Failed to Implement Amendment 651 into Petitioner's Plea Agreement.</u>

Petitioner claims that his attorney was ineffective because he failed to implement Amendment 651 into his Plea Agreement. Petitioner contends that had his attorney done so, the district court could depart downward, and, accordingly, his Sentencing Guideline range would be 168-210 months, a sentence which could have been less harsh than the 180 months the Petitioner received.

As an initial matter, Petitioner refers to Amendment 651 of the Sentencing Guidelines, and cites *United States v. Darton*, 595 F.3d 1191 (10th Cir. 2010). *Darton* discusses the application of Amendment 701, not Amendment 651. But it is apparent to the Court that Petitioner is arguing that his attorney should have obtained a downward departure, thereby lowering his guideline range to 168-210 months. Petitioner argues that there is a "strong probability" that he would have received a shorter sentence if he faced that guideline range. The government responds that Petitioner is not eligible for a downward departure. It is not necessary for the Court to resolve this dispute. Guideline ranges and departures apply to plea agreements under Fed. Rule Crim. Proc. 11(c)(1)(A) and (B). Petitioner was sentenced under Rule 11(c)(1)(C), and the plea agreement specified that he was giving up the opportunity to apply for a downward departure.

Furthermore, for purposes of the *Strickland* analysis, it does not really matter whether Petitioner is arguing that his attorney should have negotiated a downward departure under Rule 11(c)(1)(A) or a 156 month sentence under Rule 11(c)(1)(C). The sentence that Petitioner accepted was 180 months. As discussed, *supra*, conclusory, after the fact, statements are insufficient to state a claim for ineffective assistance of counsel. *United States v. Fisher,* 38 F.3d at 1147; *Hall v. Bellmon*, 935 F.2d at 1110. As with Petitioner's first claim, Petitioner again fails to provide any facts to support his conclusory statements outlined above. Petitioner merely alleges that his attorney should have pursued an agreement that would have included a downward departure. Petitioner offers no factual support for how, under the circumstances of his case, his attorney's actions fell below an objective standard of reasonableness or how the alleged omission was "outside the wide range of reasonable professional assistance." *See Strickland*, 466 U.S. at 687, 690.

Furthermore, Petitioner does not allege what benefits of a different agreement he would

9

have accepted if his attorney attempted to include such a provision.  As with Claim One, Petitioner certainly cannot be claiming that the benefits he derived under the current Plea Agreement would have remained the same if his attorney attempted to negotiate the departure.  In fact, Petitioner does not even allege what the new plea agreement would include.

Petitioner has failed to satisfy the first prong of the *Strickland* test because he has provided no facts to show that his attorney's conduct was objectively unreasonable.  Although the Court need not reach the second prong regarding prejudice, *see Hill*, 474 U.S. at 60, this Court notes that Petitioner once again does not even assert that he would have opted for trial much less provide facts to support such an assertion. *See Hill*, 474 U.S. at 59; *United States v. Salazar*, 323 F.3d at 857; *see United States v. Clingman*, 288 F.3d at 1186.  Also, as discussed in detail, *supra*, this Court finds that the benefits of the Plea Agreement support the belief that Petitioner would not have chosen to go to trial.

Petitioner fails to meet both prongs of the *Strickland* test. Additionally, for the reasons set forth in response to Petitioner's first claim, this Court finds that Petitioner's plea was knowing and voluntary. Accordingly, this Court recommends that habeas corpus relief be denied on Petitioner's second claim for ineffective assistance of counsel.

Request for Evidentiary Hearing and Discovery.

Petitioner requests an evidentiary hearing and further requests discovery of certain documents regarding his second claim.  The Court finds that because the issues are resolved on the pleadings and the record establishes conclusively that Petitioner is not entitled to relief, an evidentiary hearing is not necessary. *See Trice v. Ward,* 196 F.3d 1151, 1159 (10th Cir. 1999).  For this same reason, the Court also finds that discovery is unnecessary.  Therefore, this Court recommends that Petitioner's request for an evidentiary hearing and for discovery be denied.

## RECOMMENDED DISPOSITION

For the foregoing reasons, this Court recommends that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be denied on the merits and dismissed with prejudice.

## NOTIFICATION

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN (14) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. §636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen (14) day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition.  If no objections are filed, no appellate review will be allowed.**

_____
**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**